IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:16-MJ-1184-RJ-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| ALBERT LEE BETHEA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court today on the government's motion to revoke Defendant's supervised release. The government's motion is pending in the United States District Court for the District of South Carolina. After appointing Defendant counsel, the court advised Defendant of the nature of the charges, the maximum punishment if his supervision were revoked, and his general rights under Fed. R. Crim. P. 5. Because it appears the alleged violations occurred in this district of arrest and this district lacks jurisdiction to conduct a revocation hearing, the court proceeded in accordance with Fed. R. Crim. P. 32.1(a)(5)(A). The government moved for detention pursuant to 18 U.S.C. § 3141 *et seq.*

At the commencement of the consolidated hearings, Defendant indicated through counsel his intention to waive the preliminary examination and detention hearing. Defendant and his counsel executed the requisite paperwork memorializing Defendant's desire to waive the preliminary examination and detention hearing. After conducting an inquiry of Defendant and his counsel in open court, this court finds that Defendant has waived his right to a preliminary examination and detention hearing knowingly and voluntarily and the court accepts Defendant's waiver of his right to a preliminary examination and detention hearing.

Based on Defendant's knowing and voluntary waiver, this court finds probable cause exists to hold Defendant over for a hearing on the government's motion to revoke supervised release. Based on Defendant's waiver of his right to a detention hearing, there is no condition, or combination of conditions, that can be imposed which would reasonably assure Defendant's appearance and/or the safety of another person or the community.

Accordingly, this matter is transferred to the District of South Carolina. Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant shall be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the government, the person in charge of the corrections facility shall deliver Defendant to the United States marshal for a court appearance.

SO ORDERED, the 28th day of September 2016.

_____
Robert B. Jones, Jr.
United States Magistrate Judge